**CLD-161**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1642
_____

UNITED STATES OF AMERICA

v.

LUKNER RENE,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:09-cr-00060-001)
District Judge:  Honorable Berle M. Schiller

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2022

Before:  AMBRO, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 2, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Lukner Rene, proceeding pro se, appeals the denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance and to be excused from filing a brief. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 2009, Rene pleaded guilty to one count of conspiracy, six counts of Hobbs Act robbery and aiding and abetting, see 18 U.S.C. §§ 2, 1951, and two counts of carrying and using a firearm during and in relation to a crime of violence and aiding and abetting, see 18 U.S.C. §§ 2, 924(c). He was sentenced to 240 months' imprisonment, and his minimum release date is in 2027. Rene unsuccessfully directly appealed. See United States v. Rene, C.A. No. 11-2065 (3d Cir. Feb. 29, 2012) (granting motion to enforce appellate waiver).

In January 2022, Rene filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The District Court denied Rene's motion, concluding that he failed to demonstrate extraordinary and compelling reasons justifying release. This timely appeal followed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Thus, "we will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a

2

clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks, alteration, and citation omitted). We may take summary action if the appeal presents no substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] Rene argued that changes in sentencing law for § 924(c) offenses that would have reduced his mandatory minimum sentence, the risk of serious illness from COVID-19, his young age at the time of his offenses, and the need to avoid disparate sentences with his co-conspirators constituted extraordinary and compelling reasons justifying release. The District Court rejected each of these arguments and concluded that release was not warranted. We discern no abuse of discretion in this decision.

With respect to his first argument, Rene was not sentenced to the mandatory minimum term of imprisonment set forth in the previous version of § 924(c), as the District Court granted the Government's motion for a departure from the statutory

---

[1] Before granting compassionate release, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." See 18 U.S.C. § 3582(c)(1)(A). Here, having concluded that Rene did not demonstrate extraordinary and compelling reasons justifying release, the District Court did not reach the § 3553(a) factors.

minimum.[2]  And, regardless, we have held that "Congress's nonretroactive sentencing reductions [to § 924(c)] are not extraordinary and compelling reasons for purposes of § 3582(c)(1)(A)."  See United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021).  Further, as for Rene's concerns regarding COVID-19, the record demonstrates that he refused the COVID-19 vaccine, which undermines any claim that his risk of contracting the virus justified relief.  See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) (reasoning that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release").[3]  Finally, the District Court reasonably concluded that Rene's age and the sentences of his co-conspirators, most of which were known when Rene was originally sentenced, also did not rise to the level of extraordinary and compelling reasons justifying relief.  See United States v. Hunter, 12 F.4th 555, 571 (6th Cir. 2021) ("The extraordinary-and-compelling-reasons requirement in § 3582(c)(1)(A) cannot be met based on a mere difference of opinion regarding the significance of the facts that existed at sentencing.").[4]

Accordingly, we will affirm the District Court's judgment.

---

[2] Rene was sentenced to 50 months' incarceration on one of the § 924(c) charges and 60 months on the other.

[3] We note, further, that although Rene argued that he suffered from unspecified pulmonary issues, the record indicates that he was 31 years old at the time he filed his motion and in generally good health.

[4] The District Court also did not err in denying Rene's motion for appointment of counsel.  See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).

4